UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>            Plaintiff,<br><br>    v.<br><br>CFMG, et al.,<br><br>            Defendants. | No. 2:17-cv-1816 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding pro se, and in forma pauperis. Plaintiff's complaint was dismissed, and she was granted leave to file an amended complaint. Plaintiff's amended complaint is now before the court. As set forth more fully below, plaintiff's amended complaint should be dismissed without leave to amend.

      As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against an employee of a governmental entity. (ECF No. 5 at 1-2.)

      The undersigned observes that plaintiff's amended complaint suffers from many of the same defects as her original complaint. She again names "CFMG" (California Forensic Medical Group) as a defendant, but includes no charging allegations. In any event, CFMG is an improper defendant. State agencies, such as the California Department of Corrections and Rehabilitation ("CDCR") and CFMG, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245,

248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). Thus, defendant CFMG is dismissed.

Plaintiff renews her allegations against defendant Johansen related to her report on plaintiff's mental health, but now alleges Johansen committed medical malpractice and intentionally inflicted emotional distress.[1] However, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support [a civil rights] action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of medical opinion does not demonstrate deliberate indifference to a prisoner's serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff's allegations as to defendant Johansen fail to state a cognizable Eighth Amendment claim based on deliberate indifference to plaintiff's serious medical needs. Plaintiff's mere disagreement with the defendant's mental health findings is insufficient to state a cognizable civil rights claim. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§ ]1983 claim.")

Plaintiff may be attempting to raise state law claims for medical malpractice and the intentional infliction of emotional distress. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, plaintiff fails to state a claim for relief on her federal claims for

---

[1] Plaintiff also marked the box "threat to safety," but fails to allege facts demonstrating a threat to her safety while she was housed at the Butte County Jail. (ECF No. 11 at 7.)

violations of 42 U.S.C. § 1983, and therefore this court declines to exercise supplemental jurisdiction over plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3).

Plaintiff identifies her second claim as a violation of due process, "speedy trial rights violated." (ECF No. 11 at 9.) As supporting facts, plaintiff incorporates her earlier allegations concerning a conversation with defendant Johansen, and plaintiff's disagreement with Johansen's report concerning plaintiff's mental health. But plaintiff then alleges that the "courts, judges and D.A." failed to follow the law in criminal case no. 16CF06270, causing plaintiff emotional stress. Plaintiff also alleges that Johansen's report was slanderous and libelous and resulted in an order forcibly medicating plaintiff under the § 1368[2] action. As plaintiff has been previously informed, this court may not interfere with the state-ordered competency hearing or otherwise provide plaintiff with the relief she seeks. As a matter of comity, federal courts may not enjoin pending state criminal proceedings where there is an adequate opportunity to raise the federal question at issue, except under extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 49, 53 (1971); H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Moreover, plaintiff was admitted to CDCR custody on April 12, 2018, so it appears she has now been convicted. Thus, plaintiff must seek relief on appeal or through petitions for writs of habeas corpus filed in California state courts, if she wishes to challenge her conviction at this time.

////

---

[2] California Penal Code section 1368 provides, in pertinent part:

(a) If, during the pendency of an action and prior to judgment . . . a doubt arises in the mind of the judge as to the mental competence of the defendant, he or she shall state that doubt in the record and inquire of the attorney for the defendant whether, in the opinion of the attorney, the defendant is mentally competent. . . . At the request of the defendant or his or her counsel or upon its own motion, the court shall recess the proceedings for as long as may be reasonably necessary to permit counsel to confer with the defendant and to form an opinion as to the mental competence of the defendant at that point in time.

(b) If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing. . . . If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing. . . .

Id.

Plaintiff was previously provided an opportunity to plead facts supporting a federal civil rights claim. (ECF No. 5.) However, further amendment is futile because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus). Because it does not appear that plaintiff can amend her pleading to state a cognizable civil rights claim against defendant Johansen, plaintiff's amended complaint should be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bely1816.fr

4